FERGUSON, Judge
(concurring).
I concur in the affirmance, and I write only to set out the facts and issue presented on this recurring question of law.
Cooper was charged in a two-count information with (1) robbery with use of a firearm and (2) possession of a firearm while committing a robbery. Identification of appellant as the perpetrator was the only issue at trial. There is no question but that the robbery was completed — not attempted. Accordingly, the trial court, in compliance with the amended version of Florida Rule of Criminal Procedure 3.510,[1] did not give the jury an instruction on attempted robbery. See Henry v. State, 445 So.2d 707 (Fla. 4th DCA 1984) (instruction on attempted robbery precluded by procedural rule where only evidence presented proves that offense was completed).
The jury returned a verdict of not guilty on the charge of robbery with a firearm and guilty as to the charge of possession of a firearm while committing the robbery.
As a single issue on. appeal appellant contends: “The trial court erred in denying defendant’s motion in arrest of judgment where defendant was acquitted of robbery but convicted of possession of a firearm during the commission of a robbery, the only issue at trial was the identity of the perpetrator of the robbery, and the verdicts were therefore legally inconsistent.”
The two verdicts are indeed facially inconsistent. The question we must answer is whether a trial court’s Rule 3.510 determination that an offense charged in one count of a multi-count information was completed, prevented the jury from making a contrary finding as to a separate offense arising out of the same incident in the same trial, where, as to that second offense, the jury was given court instructions which allowed it to make an independent decision as to whether the offense was completed or attempted.[2] Our affirmance, relying on Pitts and McCray, necessarily answers the question in the negative. What we are saying, I think, is that a trial court’s assessment of the evidence under Rule 3.510 is merely for the purpose of eliminating unwarranted and confusing instructions and is not a legal determination which limits a jury’s power to make contrary findings otherwise consistent with given instructions.

. Florida Rule of Criminal Procedure 3.510 provides in pertinent part:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.

. The instruction to the jury on the possession of firearm count was as follows:
Before you can find the defendant guilty of unlawful possession of a firearm while engaged in a criminal offense, the State must prove the following two elements, beyond a reasonable doubt:
1. The defendant displayed a firearm, and
2. He did so while committing or attempting to commit the felony of robbery, [e.s.j
We do not decide whether it would have been erroneous to instruct the jury on attempted robbery in connection with the firearm possession charge if there had been a timely objection.